841 F.2d 1123
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gladys Caroline Jones Gowen TYREE, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 87-1649.
 United States Court of Appeals, Fourth Circuit.
 Argued: Feb. 5, 1988.
Decided: Feb. 26, 1988.
 
 Susie Stuart Campbell Drake (J. Gorman Rosenberger, Jr., on brief), for appellant.
 Deborah Fitzgerald (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Supervisory Assistant, Regional Counsel; Marjorie Scharpf, Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services; John P. Alderman, United States Attorney; Kenneth M. Sorenson, Assistant United States Attorney, on brief), for appellee.
 Before K.K. HALL, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mrs. Gladys Tyree appeals the denial of Social Security Disability Insurance and SSI benefits. She raises two issues: first, she argues that the Secretary of the Department of Health and Human Services wrongly refused to issue a subpoena duces tecum for production of the records of her treating physician; and second, she challenges the Secretary's decision that she is not disabled.
 
 
 2
 During the proceedings below, the Administrative Law Judge obtained a letter from Dr. Smith, one of Mrs. Tyree's treating physicians, summarizing his records of her treatment. The letter lists blood sugar readings taken at six office visits and states that "[h]er blood pressures have been easily controlled with 1 20/82 being the average reading on these days." Mrs. Tyree pointed out that one of the blood sugar figures was incorrect, and asked the Secretary to issue a subpoena duces tecum to force production of the full treatment notes.
 
 
 3
 Under applicable regulations, an Administrative Law Judge or a member of the Appeals Council may issue a subpoena only "[w]hen it is reasonably necessary for the full presentation of a case." 20 C.F.R. Secs. 404.950(d), 416.1450(d). We see no abuse of discretion in denying Mrs. Tyree's request. As one of her treating physicians, Dr. Smith has no apparent interest or prejudice regarding Mrs. Tyree's claim for benefits, and the conclusions stated in his letter are supported by the rest of the medical evidence in the record. The exact blood sugar and blood pressure readings, even if inaccurate, are not particularly important in this case, because the Secretary does not dispute that Mrs. Tyree has mild diabetes and hypertension. The issue is whether she is disabled and unable to return to her former work.
 
 
 4
 The Secretary's factual findings must be affirmed if they are supported by substantial evidence. 42 U.S.C. Sec. 405(g). That standard is clearly met by the Secretary here. The evidence in the record amply supports the Secretary's finding that none of Mrs. Tyree's claimed impairments are severe enough to meet the listing requirements, either singly or in combination. Mrs. Tyree has failed to demonstrate that she is unable to return to her former employment; the evidence in the record pertaining to her level of education and intellectual capacity is therefore not relevant, as she performed her former work with the same mental abilities. See Cauthen v. Finch, 426 F.2d 891 (4th Cir.1970) (per curiam).
 
 
 5
 AFFIRMED.